This is a suit brought by Mr. and Mrs. William E. Ford, based on the alleged *Page 876 
wrongful death of their son, Earl P. Ford, who was fatally injured at approximately 7:30 P.M., October 27, 1946, while riding as a guest in a 1937 model Chevrolet Tudor sedan, owned by Eddie Gaudet, and being operated by his minor son Hubert Gaudet.
The petition alleges that the said Earl P. Ford was riding with Hubert Gaudet driving at a reasonable rate of speed on U.S. Highway No. 90, in the direction of Houma, Louisiana, and that the defendant Colbert Deroche, accompanied by Norman Deroche, Gordon and Rufus Deroche, pushed Colbert Deroche's stake body truck on the paved highway and in the lane of travel in which Hubert Gaudet and Earl P. Ford were travelling and that said truck being pushed by hand had no headlights or tail lights burning nor any clearance lights, flares, or warning signals of any kind; that because of the lack of any lights, flares, signals and because the stake body truck was of a dark color, it made it impossible for any motorist, and particularly the driver with whom petitioners' son was riding to see or observe it until he was practically on it, or a very short distance from it; that when the operator of the automobile in which your petitioners' son was riding first observed the truck as above described, he immediately swerved his car to the left to avoid striking it, but due to the fact that the truck was in the center of the highway, that is, straddling the center line of said highway, the right front of the car ran into the left rear of said truck, owned by the defendant; that as a result of the crash the son of petitioners, Earl P. Ford, was fatally injured, suffering a fractured skull and other injuries, and as a result thereof died two days later.
The defendant, in its answer, admitted that the collision occurred at the time and place alleged, but denies any negligence on his part, and alleges that the proximate cause of the collision was due to the fact that the Gaudet car was being operated at an excessive rate of speed, without burning headlights and without the operator of the car looking ahead; that the truck with which the Gaudet car collided had run out of gas and that upon inserting one gallon of gas in the truck, the defendant and the other Deroche pushed the truck onto the highway with the lights of the truck burning, so as to make the truck level in order that the gasoline would flow into the truck carbureter and cause it to start; that, in fact, but for the excessive rate of speed and the poor headlights of the Gaudet car, and the failure of Gaudet to keep a proper lookout, the collision would not have occurred; that the said Earl P. Ford, who was a guest in the Gaudet car, did not object to the operation of said car in said careless and negligent manner, by the said Hubert Gaudet, but on the contrary, fully acquiesced in the operation of the car in said manner.
After trial of the case, the trial judge dismissed the suit at the costs of plaintiffs. Plaintiffs have appealed. The trial judge has not favored us with written reasons for his judgment, but it seems obvious that he failed to find any negligence on the part of the defendant Colbert Deroche.
The evidence is clear to the effect that the Deroche truck ran out of gasoline and that, as it did so, the truck was permitted to proceed on the grass shoulder and was parked on the shoulder without any lights or flares of any kind, but completely off the paved portion of the highway; that the truck was left in the care of two of the Deroches while the other two walked a distance of approximately one mile to procure gasoline; that they returned with one gallon of gasoline, which was inserted into the gasoline tank and that in view of the fact that the shoulder was not level, they thereupon pushed the stalled truck onto the right paved lane of the highway by hand. There is some question as to whether or not the lights on the truck were burning, but the preponderance of the evidence is to the effect that the headlights, clearance lights and one tail light were burning. The evidence shows that prior to the accident the defendant had had no trouble with the lights on the truck and that tests made on the same day of the accident and the next day after the accident show that all the lights, except the tail light, were lighted when the switch was turned on. The explanation as to why the tail light did not operate is that the *Page 877 
Gaudet car struck the truck on its left rear, whereon the tail light was located, and obviously damaged the tail light to the point that it did not operate.
It seems clear from this testimony that the defendant, in the emergency which occurred due to having run out of gas, used every precaution he could under the circumstances. It is true and it is admitted, that he had no flares of any kind and that no warning signals, such as the use of a flash light was given, but such flares and warning signals were unnecessary in that the truck was being pushed by hand, and the preponderance of the evidence is to the effect that the lights on the truck were burning, and under those circumstances it would seem that the operator of a car proceeding from the rear, at a normal rate of speed and with normal lights, should have perceived the truck and the men pushing it in plenty of time to avoid the collision therewith, and we can see no manifest error in the obvious conclusion of the trial judge that the accident was caused solely by the negligence of Gaudet in driving his car at an excessive rate of speed, without proper lights and without keeping a proper lookout; that he was driving at a fast rate of speed was indicated by the fact that after striking this 1 1/2-ton truck, which was being pushed by hand, the truck was shoved unto the right shoulder, and into the ditch on the other side thereof.
There is evidence in the record that a day or two after the accident Mr. Gaudet, the owner of the Chevrolet automobile which ran into the truck and his son, Hubert, went over to see the defendant, Colbert Deroche and made demand on him for the damages to the automobile in the sum of $50.00. Witnesses for the defendant testified that at that time, Hubert Gaudet admitted in their presence that he, Hubert, was driving fast, that his headlights were not strong and that was the cause of the accident. Hubert, in rebuttal, denied making any such statement. Hubert Gaudet testified that the accident was caused by his being blinded by an oncoming car just as he arrived at the spot where the truck was being pushed, but in that respect his testimony is uncorroborated, and, frankly, it is unconvincing.
We find a lot of conflict and inconsistencies in the testimony of the witnesses on both sides. However, we feel that it appears by the preponderance of the evidence that this unfortunate accident was caused by the reckless driving of young Hubert Gaudet, which was apparently condoned, if not encouraged, by his young pal, Earl P. Ford, who was riding beside him on the front seat of Eddie Gaudet's Chevrolet automobile. In any event we find no manifest error in the obvious conclusion of the trial judge that the defendant was not guilty of any negligence which was the proximate cause of the collision herein involved, and his conclusion should prevail.
For these reasons, the judgment appealed from is affirmed.